UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | 2:13CR118-PPS |
|  | ) |  |
| MICHAEL DWAYNE ENGLISH, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## OPINION AND ORDER

My order of November 4, 2019 [DE 73] indicated that I would disregard recent pro se filings by defendant Michael Dwayne English, labeled as a "Notice of Constitutional Challenge to Statue (sic) and Motion to Intervene" [DE 67], "Consent of Surety" [DE 68], "Notice Concerning Fiduciary Relationship" [DE 71], and "Notice to Agent is Notice to Principal, etc." [DE 72.]. As I indicated: "None of these filings invokes a recognizable legal basis for granting English any relief in this closed criminal case." [DE 73 at 1.] English has submitted more of a similar sort of material under the banner of what he has captioned a "Letter of Instruction," in which English asserts "ownership of Registered name MICHAEL DWAYNE ENGLISH" and that the court has "no jurisdiction over said Registered name or any rights over said name." [DE 74 at 2.]

There are many variations on fanciful arguments contending that the federal government has no authority over particular individuals who commit crimes within the

United States. Why they persist I don't know, as they never succeed. As the Seventh Circuit Court of Appeals has observed:

> We have repeatedly rejected their theories of individual sovereignty, immunity from prosecution, and their ilk. See *United States v. Burke*, 425 F.3d 400, 408 (7th Cir. 2005); *United States v. Hilgeford,* 7 F.3d 1340, 1342 (7th Cir. 1993) (rejecting the "shop worn" argument that a defendant is a sovereign and is beyond the jurisdiction bounds of the district court); *United States v. Sloan*, 939 F.2d 499, 500–01 (7th Cir. 1991); *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir. 1990) (describing defendant's proposed "sovereign citizen" defense as having "no conceivable validity in American law"); *United States v. Phillips*, 326 Fed.Appx. 400 (7th Cir. 2009) (dismissing jurisdiction arguments as frivolous because federal courts have subject matter and personal jurisdiction over defendants brought before them on federal indictments alleging violations of federal law). Regardless of an individual's claimed status of descent, be it as a "sovereign citizen," a "secured-party creditor," or a "flesh-and-blood human being," that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented.

*United States v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011). *See also United States v. Jackson*, 736 Fed.Appx. 143, 144 (7th Cir. 2018) (citing *Benabe* and summarily rejecting sovereign-citizen arguments by a United States citizen charged with federal crimes). English's theories are equally frivolous. It is never my intention "to quash the presentation of creative legal arguments or novel legal theories asserted in good faith." *Benabe*, 654 F.3d at 767. But, as in *Benabe*, the arguments are not raised in good faith after I have roundly rejected them in a previous order. Having done so for the second time, I may disregard any further such filings without dignifying them by an order.

English is currently serving the 18-month term of supervised release imposed to follow his term of imprisonment. Supervised release is scheduled to expire in less than

2

a year. Despite his theories to the contrary, Michael Dwayne English remains subject to the jurisdiction of this court and to the supervision of the United States Probation Office pending the expiration of his term of supervised release, barring any violations of the terms of supervision sufficiently serious to require a revocation that would send him back to prison. I wish English good luck in successfully completing his term of supervision and pursuing a lawful future as a contributing member of society.

**ACCORDINGLY:**

The Court will take no further action on defendant Michael English's "Letter of Instruction" and accompanying materials. [DE 74.]

**SO ORDERED**.

ENTERED: December 2, 2019.

    /s/ Philip P. Simon
**PHILIP P. SIMON, JUDGE**
**UNITED STATES DISTRICT COURT**